UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

JESSICA GOCKE, SUSAN COCKBURN and
DEBORAH CORR,

                Plaintiffs,                **COMPLAINT**

vs.


STEPHEN BRESCIA and VILLAGE OF
MONTGOMERY, NEW YORK,

                Defendants.

-------------------------------------------------------x

By and through their attorneys, Sussman & Associates, plaintiffs complain of defendants as follows:

**PARTIES**

1. Plaintiff Jessica Gocke is a citizen of legal age who resides in the County of Orange, State of New York, within this judicial district. She has been prominently associated with Concerned Citizens for the Hudson Valley, an advocacy group organized to prevent the over-development and environmental degradation of Orange County.

2. Plaintiff Susan Cockburn is a citizen of legal age who resides in the County of Orange, State of New York within this judicial district. Ms. Cockburn is the former Supervisor of the Town of Montgomery and has remained a politically-active Democrat who attends public meetings and states her views on critical issues.

1

3. Plaintiff Deborah Corr is a citizen of legal age who resides in the County of Orange, State of New York, within this judicial district. She has been prominently associated with Concerned Citizens for the Hudson Valley, an advocacy group organized to prevent the over-development and environmental degradation of Orange County.

4. Defendant Stephen Brescia resides is a citizen of legal age who resides in the County of Orange, State of New York, within this judicial district. He is the Chairman of the Orange County Legislature and long-time Mayor of the Village of Montgomery.

5. At all times relevant hereto, as Mayor, defendant Brescia presided over the meetings of the Village of Montgomery Board of Trustees and, as such, was the final policy-maker and decision-maker with respect to the actions challenged herein.

6. Defendant Village of Montgomery is a municipal corporation organized pursuant to the laws of the State of New York and is governed by a five-member elected Board of Trustees and administered by the Mayor, defendant Brescia.

**JURISDICTION**

7. As plaintiffs allege that defendants violated their constitutional rights, this Honorable Court has jurisdiction over this action pursuant to 42 U.S.C. sections 1331, 1343 and 42 U.S.C. sections 1983 and 1988.

## STATEMENT OF FACTS

8. Plaintiffs are all active citizens within the County of Orange, concerned about the well-being of the county and its communities and residents.

9. In 2018, Medline, a private company, proposed moving its warehouse from the Town of Wawayanda to a site in the Town of Montgomery.

10. Medline proposed doubling the size of its warehouse facilities and substantially increasing its workforce.

11. Among others, plaintiffs have concerns about the suitability of the site Medline proposed for its new warehouse.

12. Specifically, plaintiffs are concerned about the effects of the trucking in and out of the warehouse upon the village of Montgomery which is situated very close to the proposed location.

13. Through 2019, residents of the Town and Village of Montgomery, as well as others throughout the County, have attended meetings to discuss the impacts of Medline on the Town and Village and surrounding communities.

14. On June 4, 2019, the Village of Montgomery hosted a public meeting to which it invited the public at large and representatives of Medline to discuss the project.

15. Plaintiffs attended the meeting, which was conducted at the Montgomery Senior Center and presided over by defendant Brescia as Mayor of the Village of Montgomery.

16. Shortly after the public comment/question section of the meeting commenced, plaintiff Gocke expressed an intent to speak.

17. Defendant Brescia told her she could not speak at the meeting because she opposed development projects everywhere in the county and then nhad her escorted out of the meeting by uniformed police officers.

18. At the same time, defendant Brescia also singled out plaintiff Gocke's mother stating, that she too could not speak.

19. Finally, defendant Brescia disallowed former Town Supervisor Cockburn from the meeting, claiming that she could not speak because she not a Village resident and threatening to have her escorted from the meeting room if she persisted in trying to speak. At his request, uniformed police officers laid hands on plaintiff Cockburn and began escorting him from the room.

20. The meeting notice provided time for village residents and non-village residents to address the Medline issue.

21. Defendant Brescia allowed non-Village residents to speak at the meeting.

22. In prohibiting plaintiffs from speaking because of their viewpoints or assumed viewpoints opposing Medline, defendant Brescia engaged in impermissible viewpoint discrimination at this limited public forum.

23. It has long since been clearly established that such viewpoint discrimination violates the First Amendment.

24. As defendant Brescia disallowed the three plaintiffs from speaking, no other member of the Board of Trustees intervened to protect any of the plaintiffs' First Amendment rights to express her opinion.

25. Defendant Brescia acted on behalf of the Village of Montgomery, implementing its policy of disallowing community leaders whose viewpoint he disagrees with from speaking.

26. Defendant Brescia has engaged in similar conduct on prior occasions, silencing those who oppose projects he supports.

27. In engaging in viewpoint discrimination and so limiting the expression of opposing viewpoints, defendant Brescia maliciously and knowingly violated the Constitution of the United States, to which he swears allegiance after being elected, and must be both punished and deterred from similar conduct in the future.

28. Defendants' acts and omissions, as set forth above, deprived plaintiffs of their valuable constitutional right to participate as citizens in public debate and discussion, humiliated, embarrassed and devalued them.

**CAUSES OF ACTION**

29. Plaintiffs incorporate paragraphs 1-28 as if fully repeated herein.

30. By silencing persons based upon the viewpoints he expected them to express at a public meeting, defendant Brescia violated the First Amendment to the United States Constitution and the rights afforded thereby to each plaintiff.

31. By allowing defendant Brescia to so behave and by ratifying his conduct, as set forth above, the Village Board of the Village of Montgomery violated the First Amendment to the United States Constitution and the rights afforded thereby to each plaintiff.

**PRAYER FOR RELIEF**

WHEREFORE, this Honorable Court should accept jurisdiction over this matter, empanel a jury to hear and decide the matter, award to plaintiffs compensatory and punitive damages as against defendant Brescia, award to plaintiffs compensatory damages as against defendant Village of Montgomery, permanently enjoin defendants from engaging in viewpoint discrimination, award plaintiffs' counsel attorneys fees and costs arising from the prosecution of this matter and enter any other and further order which the interests of justice and equity may require.

Dated: July 4, 2019

Respectfully submitted,

MICHAEL H. SUSSMAN [3497]

SUSSMAN & ASSOCIATES

PO BOX 1005

1 RAILROAD AVENUE

GOSHEN, NEW YORK 10924

Counsel for Plaintiffs